PEOPLE v HOWEY

Docket No. 57464. Submitted May 12, 1982, at Lansing.—Decided
    July 21, 1982.

Danny Lee Howey was charged with possession of marijuana with
    intent to deliver. After a jury trial in the Saginaw Circuit
    Court, Joseph R. McDonald, J., defendant was found guilty as
    charged. Defendant appeals alleging several errors. *Held:*

    1. The defendant was not entitled to a hearing on his com-
    plaint that the affiant police officer lied regarding statements
    attributable to an informant because the information which he
    claims is false is not material.

    2. The defendant's contention that, in light of his attacks
    upon the veracity of the affiant police officer, the trial court
    abused its discretion by not requiring the production of the
    informant is incorrect. Since the trial court granted an eviden-
    tiary hearing the determining aspect is if the judge is con-
    vinced the officer is being truthful regarding the existence of
    the informant he should deny the request for production and, if
    the judge determines that there is some doubt as to the officer's
    credibility, he may require production of the informant. Here
    the judge concluded the officer was truthful.

    3. Defendant's complaint that the informant was unreliable
    is incorrect. The informant gained his information through a
    personal conversation with the defendant. This appears to be a
    sufficient circumstance for the basis of his conclusion. Because
    this informant had given the police information on prior occa-
    sions, it appears that the officer's statement that the informant
    had given him information in the past which later proved to be
    correct was sufficient to establish reliability.

    4. Since defendant failed to object to remarks in the prose-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 68 Am Jur 2d, Searches and Seizures §§ 65, 66.
    Propriety of considering hearsay or other incompetent evidence in
        establishing probably cause for issuance of search warrant. 10
        ALR3d 359.
    Search warrants: disputing matters stated in supporting affidavit. 5
        ALR2d 394.
[4] 5 Am Jur 2d, Appeal and Error §§ 624-627.
[5] 29 Am Jur 2d, Evidence § 180.

cutor's rebuttal argument appellate review is precluded absent a miscarriage of justice. Here there was no miscarriage of justice.

5. Defendant waived any right he may have had to the presence of two res gestae witnesses at his trial by failing to make a timely motion for the endorsement and production of the missing witnesses even though he was aware of their identity prior to trial. Furthermore, the failure to move for a hearing will normally foreclose this issue on appeal, unless manifest injustice will result. No manifest injustice appears.

Affirmed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS.

A defendant is not entitled to a hearing on his complaint that an affiant police officer lied regarding statements contained in an affidavit in support of a search warrant if the information which he claims is false is not material.

2. SEARCHES AND SEIZURES — INFORMANTS.

The determining aspect in a trial court's determination, after an evidentiary hearing on a defendant's request for the production of an informant who gave information to an affiant police officer which information was thereafter contained in the officer's affidavit in support of a search warrant, is that, if the judge is convinced that the officer is being truthful regarding the existence of the informant, he should deny defendant's request for production and, if the judge determines that there is some doubt as to the officer's credibility, he may require production of the informant.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — INFORMANTS.

The information given by a confidential informant must be accompanied by a recitation of the underlying circumstances upon which the informant based his conclusions when an affidavit in support of a search warrant contains hearsay statements by the confidential informant; there must be some basis for concluding either that the informant was credible or that his information in the particular instance was reliable.

4. CRIMINAL LAW — APPEAL — PROSECUTOR'S REBUTTAL ARGUMENT — PRESERVING QUESTION.

Appellate review of a defendant's claim that certain remarks in a prosecutor's rebuttal argument constitute error is precluded, absent a miscarriage of justice, where the defendant failed to object to the argument.

5. CRIMINAL LAW — WITNESSES — ENDORSEMENT OF WITNESSES —
    WAIVER — APPEAL.
   A defendant who fails to make a timely motion for the endorse-
   ment and production of witnesses, even though aware of their
   identity prior to trial, waives any right to the witnesses'
   presence at trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kay F. Pearson,* Assistant Prosecuting Attorney, for the people.

*Terence R. Flanagan,* Assistant State Appellate Defender, for defendant on appeal.

Before: ALLEN, P.J., and CYNAR and C. J. FALAHEE,* JJ.

CYNAR, J. Defendant was charged with possession of marijuana with intent to deliver, MCL 333.7401(1), (2)(c); MSA 14.15(7401)(1), (2)(c). After a jury trial, he was found guilty as charged. Defendant was sentenced to served 2-1/2 years probation and to pay $10 per month for the length of the probationary period as court costs. Defendant appeals as of right.

Defendant first complains that the affidavit in support of the search warrant was inadequate. Defendant claims that the affiant police officer lied regarding statements attributed to an informant.

One statement in the affidavit which defendant claims to be false is as follows: "Further that after the cocaine was loaded in the motor vehicle and returned to the motel the subject Danny Howey was to drive the vehicle back to the Saginaw area predetermined location which was 2306 South 24th

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Street, Township of Buena Vista, County of Saginaw, the State of Michigan".

At the hearing on defendant's motion to suppress the statement, the affiant police officer testified that he did not know the address to which defendant would be driving and that he had never before heard of the 2306 S. 24th Street address. At a hearing shortly before trial, the officer explained the wording in the affidavit. He testified that "predetermined" meant predetermined by the driver. The actual address was unknown to the informant and the officer.

The officer testified at trial that he saw defendant's wife, Maxine, leave 3145 Walters Street at approximately 11 p.m. on February 6, 1980. He and other officers followed her to 2306 S. 24th Street. Five to ten minutes after she arrived at that address, a reddish 1979 Oldsmobile pulled up. Defendant was the driver of the Oldsmobile and had a female passenger with him. They both entered a pickup truck and left with defendant's wife. Defendant returned to the 3145 Walters Street address. The persons inside the truck were defendant, Maxine Howey, and Pamela Sharp.

Defendant further complains because the police officer attributed to the informant a statement regarding the fact that defendant's wife would pick up defendant at the 2306 S. 24th Street address. The officer testified that this statement, attributed to the informant, was merely an assumption on his part and not a statement by the informant.

Defendant argues that *Franks v Delaware,* 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978), did not specifically overrule *United States v Luna,* 525 F2d 4 (CA 6, 1975), *cert den* 424 US 965; 96 S Ct 1459; 47 L Ed 2d 732 (1976). In *Luna,* the federal

court of appeals held that if there was in fact perjury by the officer, suppression of the evidence was required regardless of materiality. *Id.,* 8. The Supreme Court indicated that a defendant is not even entitled to a hearing if the information which he claims is false is not material. *Franks, supra,* 171-172.

The recent decisions of this Court indicate that the *Franks* standard should be used. See *People v Ward,* 107 Mich App 38, 52-53; 308 NW2d 664 (1981); *People v Poindexter,* 90 Mich App 599; 282 NW2d 411 (1979), *lv den* 407 Mich 876 (1979); *People v Price (On Remand),* 91 Mich App 328; 283 NW2d 736 (1979).

The officer in the case at bar did not request a search warrant until after defendant was in custody. The officer's addition of the S. 24th Street address appears to have been the unfortunate result of hindsight rather than a deliberate falsehood. This Court will, however, consider the affidavit without the erroneous material.

Upon extracting the erroneous material, the affidavit indicates that the informant, "Blizzard", had a conversation with defendant on February 4, 1980. During that conversation, defendant allegedly told Blizzard that he was to leave Saginaw on February 4, 1980, and drive to Florida. In Florida, defendant was to drop the vehicle at a motel where an unknown person would pick up the vehicle and return it to defendant at the motel. During the time the vehicle was absent from the motel, it was to be loaded with cocaine. At a date unspecified in the affidavit, the automobile was to be returned by defendant to Saginaw with the cocaine inside.

The officer's observation began on February 6, 1980. Defendant's wife was seen leaving defen-

dant's residence and was followed to 2306 S. 24th Street at approximately 11 p.m. Approximately ten minutes later, defendant arrived in the Oldsmobile. In a conversation with defendant's wife, the affiant police officer was informed that she had last seen defendant on February 3, 1980. Furthermore, defendant called her on February 6, 1980, and asked her to pick him up around 11 p.m. at 2306 S. 24th Street.

In a conversation with defendant, defendant stated that he was paid to drive the vehicle to Saginaw from an unknown location. Defendant indicated that the occupant of 2306 S. 24th Street was his cousin.

A close question is presented upon extraction of the erroneous material. The inclusion of the erroneous material could arguably make the affidavit more persuasive to a magistrate. There is, however, one point of the affidavit which persuades this Court to refuse to reverse on this issue. The officer indicated that surveillance was conducted at defendant's residence, *i.e.,* 3145 Walters Road. This statement suggests the officers were unaware of the S. 24th Street address until after following defendant's wife. With this point in mind, it could appear to a magistrate that the affidavit was merely hastily drawn. This appears a reasonable conclusion in view of the multitude of typographical errors.

In light of defendant's attacks upon the veracity of the affiant police officer, defendant argues the court abused its discretion by not requiring the production of the informant. The standard for requiring the production of an informant when an attack is made upon an affidavit is set forth in *Poindexter, supra,* 609-610. In the instant case, however, the requirements contained in *Poindex-*

*ter* are unnecessary because the court granted an evidentiary hearing. Accordingly, the determining aspect is:

"If the judge is convinced that the officer is being truthful regarding the existence of the informant, he should deny defendant's request for production. However, if the judge determines that there is some doubt as to the officer's credibility, he may require production of the informant." *Poindexter, supra,* 610.

Defense counsel indicated that he was challenging the existence of the informant. He argued that the only way to prove that the informant existed was to have the informant produced.

The court relied upon *Poindexter,* recognized that it had discretion in this matter, concluded that the officer was truthful as to the other matters and refused to order the production of the informant.

Considering the court's resolution of defendant's complaints regarding the affidavit in support of the search warrant, no abuse of discretion appears in this case.

Defendant additionally complains that the informant was unreliable. When an affidavit contains hearsay statements from a confidential informant, the information given by that informant must be accompanied by a recitation of the underlying circumstances upon which the informant based his conclusions. *People v Fuller,* 106 Mich App 263, 265; 307 NW2d 467 (1981). Additionally, "there must be some basis for concluding either that the informant was credible or that his information in the particular instance was reliable". *Id.,* 265. Accord, *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969), *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964). In

the instant case, the informant gained his information through a personal conversation with defendant. This appears to be a sufficient circumstance for the basis of his conclusion. Because this informant had given the police information on prior occasions, it appears that the officer's statement that the informant had given him information in the past which later proved to be correct was sufficient to establish reliability. *People v Walker,* 401 Mich 572, 582-583; 259 NW2d 1 (1977), citing *McCray v Illinois,* 386 US 300; 87 S Ct 1056; 18 L Ed 2d 62 (1967). See, also, *People v Mayes,* 78 Mich App 618, 622; 261 NW2d 22 (1977).

Defendant claims that the allowance of certain remarks in the prosecutor's rebuttal argument constitutes reversible error. Defendant failed to object to the argument, which precludes appellate review absent a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977). We perceive no miscarriage of justice. The prosecutor's argument was responsive to defense counsel's argument that defendant and the jury should not forget this trial. Due to its responsive nature, it does not constitute reversible error. See *Id.,* 16.

Defendant finally argues that it was error not to produce two alleged res gestae witnesses at trial. One missing witness was Pamela Sharp, the passenger in the automobile at the time defendant was arriving from Florida. The other was Tony Hoffman, the owner of the Oldsmobile driven from Florida to Saginaw by defendant.

In spite of defendant's knowledge of Sharp and Hoffman, defendant made no motion during trial for the endorsement and production of these two individuals as res gestae witnesses. Defendant made no objection to the fact that Sharp and Hoffman were not endorsed and produced. Defen-

dant's attorney only raised the issue to the jury during his closing argument. By failing to make a timely motion for the endorsement and production of the missing witnesses, even though aware of their identity prior to trial, defendant waived any right he may have had to the witnesses' presence at trial. *People v Ferguson,* 94 Mich App 137, 148; 288 NW2d 587 (1979), *lv den* 409 Mich 949 (1980); *People v Robideau,* 94 Mich App 663, 675-676; 289 NW2d 846 (1980).

Furthermore, the failure to move for a hearing will normally foreclose this issue on appeal, *People v Pearson,* 404 Mich 698, 722-723; 273 NW2d 856 (1979), unless manifest injustice will result. *People v LeFlore,* 96 Mich App 557, 563-564; 293 NW2d 628 (1980), *lv den* 409 Mich 927 (1980). See, also, *People v Buschard,* 109 Mich App 306, 312-313; 311 NW2d 759 (1981).

No manifest injustice appears in the case at bar. There was ample evidence to convict defendant.

Affirmed.