PEOPLE v LEGGIONS

Docket No. 78227. Submitted November 5, 1985, at Lansing.—Decided
March 4, 1986. Leave to appeal applied for.

Defendant, James C. Leggions, was convicted of larceny over $100
and of being a fourth-felony offender following a jury trial in
Eaton Circuit Court. The trial court, Richard M. Shuster, J.,
sentenced defendant to from 5 to 25 years imprisonment.
Defendant appeals. *Held:*

1. The circumstantial evidence presented at trial was suffi-
cient to support the findings of asportation and criminal intent.
The prosecution presented evidence on each of the six elements
of larceny in a building. Defendant's motion for a directed
verdict was properly denied.

2. The trial court did not abuse its discretion in regard to its
decision to allow impeachment of the defendant with evidence
of his prior convictions.

3. The trial court did not err in ruling that the defendant's
motion for a directed verdict on the grounds that the prosecu-
tion had failed to endorse and produce Donny Mask and Mona
Hettich as res gestae witnesses was untimely and that the
defendant waived his right to the production of those witnesses.
A defendant who does not move for the production of known
res gestae witnesses prior to the close of the prosecution's
proofs waives his right to the production of those witnesses.

4. Defendant's waiver of a jury trial on his habitual offender
charge was not in writing, therefore, reversal is required. Such
a waiver must be in writing, signed by the defendant, filed and

REFERENCES

Am Jur 2d, Attorneys at Law § 150.
Am Jur 2d, Criminal Law §§ 894-900.
Am Jur 2d, Evidence §§ 170 *et seq.,* 1175.
Am Jur 2d, Larceny § 170.
Am Jur 2d, Statutes §§ 287-289.
Am Jur 2d, Trial §§ 1238-1270.
Waiver, after not guilty plea, of jury trial in felony case. 9 ALR4th
695.
Propriety of jury instruction regarding credibility of witness who
has been convicted of a crime. 9 ALR4th 897.

made a part of the record of the case. The right to jury trial cannot be waived by defense counsel.

5. The fact that the defendant originally requested a jury trial and apparently changed his mind midtrial does not alter the requirement that waiver of the right to a jury trial must be made in writing in open court.

Defendant's conviction of larceny over $100 is affirmed. The habitual offender conviction is reversed.

1. LARCENY — DIRECTED VERDICTS.

A defendant's motion for a directed verdict on a charge of larceny over $100 is properly denied where the prosecution has presented evidence on each of the six elements of the crime of larceny in a building (MCL 750.356, 750.360; MSA 28.588, 28.592).

2. CRIMINAL LAW — APPEAL — EVIDENCE — PRIOR CONVICTIONS.

A defendant's argument that the trial court, in deciding to allow the impeachment of the defendant with evidence of his prior convictions, failed to consider the effect on the decisional process if the defendant did not testify out of fear of impeachment is not reviewable on appeal where, prior to the trial court's ruling on the motion to admit such evidence, defense counsel indicated that he did not think that the defendant would testify and, therefore, failed to establish that the defendant would take the stand if such evidence was not admitted and failed to outline the nature of defendant's proposed testimony.

3. CRIMINAL LAW — RES GESTAE WITNESSES — PRODUCTION OF WITNESSES — WAIVER.

A defendant waives his right to the endorsement and production of a res gestae witness where the defendant knows of the existence of the res gestae witness and fails to move for endorsement of that witness until the completion of the prosecution's case.

4. CRIMINAL LAW — JURY — WAIVER.

A defendant may waive his right to a trial by jury, but the waiver must be in writing, signed by the defendant, and also filed and made a part of the record of the case; the fact that a defendant originally requests a jury trial and then changes his mind midtrial does not alter the requirement that the waiver must be made in writing in open court (MCL 763.3; MSA 28.856).

5. CRIMINAL LAW — JURY — WAIVER — ATTORNEY AND CLIENT.

The right to a jury trial cannot be waived by defense counsel.

6. Statutes — Judicial Construction — Common Law.
   Statutes which are in derogation of the common law must be strictly construed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *K. Davison Hunter,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: D. F. Walsh, P.J., and MacKenzie and R. R. Ferguson,* JJ.

D. F. Walsh, P.J. Defendant appeals from a conviction by a jury of larceny over $100, MCL 750.356; MSA 28.588. Defendant was also convicted of being a fourth-felony offender, MCL 769.12; MSA 28.1084, and was sentenced to from 5 to 25 years in prison.

On appeal, defendant argues that the trial court erred in: denying his motion for directed verdict; ruling that two witnesses were not res gestae witnesses and that his motion to endorse them was untimely; ruling that he could be impeached by evidence of his prior convictions; and failing to obtain a written waiver of trial by jury on the habitual offender charge.

FACTS

Terry Feasel, an employee of Wilson's Suede and Leather Store in the Lansing Mall, testified that she was working alone on May 19, 1983. She waited on two customers that morning, neither of whom ventured toward the back of the store. She observed nothing out of order in the store that

---
* Circuit judge, sitting on the Court of Appeals by assignment.

morning. At noontime, an older black man, later
identified as Donny Mask, entered the store and
began looking at coats on a rack near the front
right-hand side of the store. Just behind him, a
white female, later identified as Mona Hettich,
entered and went to a rack of coats near the front
left-hand side of the store. Defendant entered with
Ms. Hettich, but proceeded directly down the left-
hand side of the store to the back. On his way
back, he passed by a rack of women's leather
pants, but Ms. Feasel did not see him stop or
pause at any rack on his way to the back of the
store. Feasel went to the front of the store to help
Hettich try on coats. She glanced back at defen-
dant and saw him make a quick movement. She
went back to see if he needed assistance. As she
approached defendant, she noticed that there was
a black bag on the rack next to him. Inside the
bag she could see leather pants still on the han-
gers, with the Wilson tags visible. She had never
seen the black bag before. There were no leather
pants near defendant but he would have passed
the rack of women's leather pants on his way
toward the back of the store. Defendant had an-
other pair of women's leather pants in his hand,
which he dropped to the floor as Feasel ap-
proached. She asked defendant to leave the store
and notified mall security. Defendant was appre-
hended in the parking lot. Hettich and Mask were
also there and their names were written in the
police report.

## ISSUES

Defendant argues that the circumstantial evi-
dence presented at trial was insufficient to support
the findings of asportation and criminal intent. We
disagree. Although the clerk did not see defendant

remove leather pants from the rack and take them to the back of the store, a reasonable inference that he did so can be drawn from her testimony. She testified that she saw him pass the rack of leather pants, she saw him holding a pair at the back of the store, and there were no leather pants on racks in that location. We find that the prosecution, through the testimony of the clerk, presented evidence on each of the six elements of larceny in a building. *Freeman v Meijer, Inc,* 95 Mich App 475, 478; 291 NW2d 87 (1980). The motion for directed verdict was properly denied.

Nor do we find an abuse of discretion in the trial court's decision to allow impeachment of defendant by evidence of his prior convictions. The court recognized its discretion, *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), and considered the nature of the prior offenses and the similarity of the prior offenses with the offense for which the defendant was on trial, *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). Moreover, prior to the trial court's ruling on the motion to admit evidence of prior convictions, defense counsel indicated that he did not think the defendant would testify. Defendant, therefore, failed to establish that he would take the stand if evidence of the convictions was not admitted and to outline the nature of his proposed testimony. Thus, defendant's argument that the court failed to consider the effect on the decisional process if he did not testify out of fear of impeachment, *Crawford, supra,* p 39, is not reviewable on appeal. *People v Owens,* 131 Mich App 76, 82-83; 345 NW2d 904 (1983); *People v Casey,* 120 Mich App 690, 695-697; 327 NW2d 337 (1982); *People v Wilson,* 107 Mich App 470, 476-477; 309 NW2d 584 (1981).

Defendant also argues that the trial court erred in denying his motion for a directed verdict on the

grounds that the prosecution had failed to endorse and produce Donny Mask and Mona Hettich as res gestae witnesses. One of the grounds for denial of the motion was that it was untimely. We agree.

Both Mask and Hettich were well known to the defendant. In fact, Hettich was the defendant's girlfriend and entered the store with him. Mask was also a friend of the defendant's and entered the store just ahead of him. It has long been firmly established in this state that if a defendant knows of the existence of a res gestae witness and fails to move for endorsement of that witness until after the completion of the prosecution's case, he waives his right to endorsement and production of the witness. *People v Howey,* 118 Mich App 431; 325 NW2d 451 (1982); *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980), *aff'd on other grounds* 419 Mich 458; 355 NW2d 592 (1984); *People v Ferguson,* 94 Mich App 137; 288 NW2d 587 (1979), *lv den* 409 Mich 949 (1980); *People v Harrison,* 75 Mich App 556; 255 NW2d 682 (1977); *People v Parsons,* 59 Mich App 79; 228 NW2d 852 (1975); *People v Jones,* 38 Mich App 512, 516; 196 NW2d 817 (1972), *lv den* 388 Mich 792 (1972).

Defendant suggests that this long-standing rule was overturned by the Supreme Court in *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979). We are strongly persuaded to the contrary. In none of the three cases consolidated in *Pearson* did the defendant wait until the close of the prosecution's proofs to move for endorsement of the res gestae witnesses. Nowhere in the *Pearson* opinion does the Supreme Court consider or even mention the issue of waiver by a defendant of the res gestae rule.

The essential ruling in *Pearson* is that the missing res gestae witness issue may not be raised on appeal unless there has first been a hearing in the

trial court at which the issue is raised and factual disputes relating thereto are determined. The hearing may be held at trial or in a post-trial motion for new trial.

In footnote 4 of the *Pearson* opinion the Court states its belief that the best time to hold this hearing at trial is at the conclusion of the prosecution's proofs. Defendant's reliance upon this footnote as authority for the proposition that a defendant may wait until the close of the prosecution's proofs to move for endorsement of known res gestae witnesses is misplaced. The fact that efficiency in conducting a trial might dictate that the close of the prosecution's proofs is the most favorable time for holding an evidentiary hearing on factual disputes relating to the status of a person as a res gestae witness, the due diligence of the prosecution in producing the witness, or the question of prejudice to the defendant if the witness is not produced, does not support the conclusion that a defendant who knows of the existence of a res gestae witness may wait until the close of the prosecution's proofs to move for endorsement.

Nor does the fact that the issue may be raised for the first time in a motion for new trial compel the conclusion urged by the defendant. Frequently, appellate counsel, in preparing the appeal, discovers the existence of a res gestae witness who was unknown to the defendant but who was known to the prosecution, or who should have been known to the prosecution, but was not endorsed. In such a situation the issue may be raised, indeed must be raised, in a motion for new trial before it is raised on appeal.

In short, *Pearson* does not overrule, either expressly or by necessary implication, the long-standing rule that a defendant who does not move for

the production of known res gestae witnesses prior to the close of the prosecution's proofs waives his right to the production of those witnesses. We find no error in the trial court's ruling that the defendant's motion relating to res gestae witnesses was untimely and that the defendant wavied his right to the production of those witnesses.

Defendant's final claim of error is that his waiver of a jury trial on his habitual offender charge was defective. We agree.

Defendant initially requested a jury trial, but, after the prosecution presented its proofs of defendant's three prior felony convictions, defense counsel announced, out of the presence of the jury, that, after discussing it with defendant, defendant desired to bypass the jury and let the court decide. Defendant may waive his right to trial by jury, but the waiver must be in writing, signed by the defendant, filed and made a part of the record of the case. MCL 763.3; MSA 28.856. Because this statute is in derogation of the common law, it must be strictly construed. *People v Quick,* 114 Mich App 532, 535; 319 NW2d 362 (1982), *lv den* 417 Mich 936 (1983), and cases cited therein. The right to a jury trial cannot be waived by defense counsel. *Id.,* p 536. Since defendant did not waive his right to a jury trial on the habitual offender charge in writing, reversal is required. *People v Ash,* 128 Mich App 265, 269; 340 NW2d 646 (1983). Despite prosecution argument to the contrary, the fact that defendant originally requested a jury trial and apparently changed his mind midtrial does not alter the requirement that waiver must be made in writing in open court.

Defendant's habitual offender conviction is reversed. Defendant's conviction of the offense of larceny over $100 is affirmed.