PEOPLE v DELAHANTY

Docket No. 98610. Submitted August 17, 1988, at Grand Rapids. Decided December 6, 1988.

Kevin P. Delahanty received a citation for violating a condition of his restricted driver's license. He demanded a jury trial. The Sixty-Third District Court sent defendant a notice which indicated that the failure of defendant or his attorney to appear on the date scheduled for selection of a jury would constitute forfeiture of the right to a jury trial. Neither defendant nor an attorney representing him appeared on the date scheduled for jury selection. On the date scheduled for trial, defendant, despite his continued demand for a jury trial, was tried in a bench trial before Steven R. Servaas, J. The proofs showed that defendant, a Kalamazoo resident, had a license which restricted him to driving between his home and a designated educational institution, that he was observed driving on Thanksgiving Day in Kent County, and that the designated educational institution was not located in the area in which he was driving. The trial court found defendant guilty as charged. Defendant appealed. The Kent Circuit Court, Stuart R. Hoffius, J., affirmed. Defendant appealed on leave granted.

The Court of Appeals *held:*

1. By court rule, waiver of a jury trial must be either by a writing signed by the defendant and filed with the district court or made orally in open court. Since defendant did neither of these acts, there was no valid waiver of a jury trial.

2. The proofs were sufficient to support a finding that defendant violated the restriction of his restricted license.

Reversed and remanded.

1. CRIMINAL LAW — JURY TRIAL — WAIVER — DISTRICT COURT.

A district court may not treat the failure of a criminal defendant to appear on the date scheduled for selection of a jury as a

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 146 *et seq.*

Am Jur 2d, Criminal Law §§ 894 *et seq.*

Withdrawal of waiver of right to jury trial in criminal case. 46 ALR2d 919.

waiver by the defendant of his right to a jury, even where the notice setting the date for the jury selection hearing indicates that failure to appear for that hearing will be deemed to be a waiver of trial by jury, where at the time of trial defendant continues to insist on a jury trial rather than a bench trial, since the court rule provides that waiver of the right to a jury trial shall be either in writing and filed with the court or orally placed upon the record (DCR 785.4[c][2]).

2. CRIMINAL LAW — DRIVING ON A RESTRICTED LICENSE — SUFFI-
    CIENCY OF EVIDENCE.

Sufficient evidence to support a conviction of driving in violation of a condition of a restricted license exists where the proofs show that defendant's license restricted the defendant to driving to and from a designated educational institution and the defendant was observed driving on a public holiday in an area in which neither the defendant's residence nor the educational institution is located (MCL 257.313; MSA 9.2012).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

Kevin P. Delahanty, in propria persona.

Before: MACKENZIE, P.J., and McDONALD and R. E. ROBINSON,* JJ.

PER CURIAM. Following a bench trial, defendant was convicted of driving in violation of a condition of his restricted license, MCL 257.313; MSA 9.2012. Thereafter defendant appealed to circuit court, which affirmed his conviction. Defendant now appeals his conviction by leave granted, raising two issues. We reverse.

After receiving a citation for violating a condition of his restricted license, defendant made a demand for a jury trial. Thereafter, the district court sent defendant a notice informing him of the

* Former circuit judge, sitting on the Court of Appeals by assignment.

date his jury would be selected. The notice stated that failure to appear for this jury selection would constitute a waiver of his right to a jury trial. Defendant failed to appear on this date. Although defendant claimed he was simply unable to appear on the scheduled date and still desired a jury trial, the district court held that defendant had waived his right to a jury trial. Over defendant's objection, the district court held a bench trial and found defendant guilty. The circuit court affirmed and held that finding defendant had waived his right to a jury trial was "within the [district] court's discretion."

The right to a jury trial in criminal matters is perhaps one of the most fundamental rights in our system of justice. At common law, the right could not be waived. *People v Quick,* 114 Mich App 532, 535; 319 NW2d 362 (1982), lv den 417 Mich 936 (1983). In Michigan, a criminal defendant's right to waive a jury trial has been created by statute. MCL 763.3; MSA 28.856 provides in part:

> (1) In all criminal cases arising in the courts of this state, the defendant shall have the right to waive a determination of the facts by a jury and may, if he or she elects, be tried before the court without a jury. *Except in cases of minor offenses,* the waiver and election by a defendant shall be in writing signed by the defendant and filed in the case and made a part of the record. . . .
> (2) *Except in cases of minor offenses,* the waiver of trial by jury shall be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. [Emphasis added.]

Because this statute is in derogation of the common law, it is to be strictly construed. *People v Leggions,* 149 Mich App 612, 619; 386 NW2d 614

(1986), lv den 426 Mich 863 (1986). Before a defendant's waiver of his right to a jury trial is valid, the requirements of the statute must be met. *People v Pasley,* 419 Mich 297, 302; 353 NW2d 440 (1984). However, we note that, for minor offenses, the statute does not state any specific requirements for a defendant's waiver of a jury trial. A minor offense is a misdemeanor or ordinance violation for which the maximum permissible imprisonment does not exceed ninety-two days in jail and the maximum permissible fine does not exceed $500. MCL 761.1(k); MSA 28.843(k).

At the time of trial in this matter, DCR 785.4(c)(2), now MCR 6.201(D)(3), required that a defendant's waiver of the right to a jury trial be either in a writing signed by defendant and filed or orally placed on the record. In the instant case, no written or oral waiver appears in the record. We need not address the continuing validity of a defendant's waiver by implication. Defendant objected to a bench trial and requested a trial by jury. We note however that the case relied on by the prosecutor, *People v Masonis,* 58 Mich App 615, 618; 228 NW2d 489 (1975), was decided prior to the amendment to DCR 785 which specified that a criminal defendant's waiver of the right to jury trial must be in writing or orally placed on the record.

Defendant's argument that the evidence presented at trial was insufficient for a rational trier of fact to conclude that the elements of the crime charged were proven beyond a reasonable doubt is without merit. See *People v Petrella,* 424 Mich 221, 268; 380 NW2d 11 (1985).

The proofs established that defendant, a resident of Kalamazoo, was driving in Kent County on Thanksgiving Day with an adult female and one or two children as passengers. Defendant's license to

drive was restricted to driving to and from School-Bar Inn, an educational institution. Circumstantial evidence showed that no such institution existed in the area in which defendant was driving. Additionally, the district court took judicial notice that schools are generally closed on Thanksgiving Day. We find this evidence sufficient to support defendant's conviction.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.